# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Submitted September 5, 2024    Decided December 6, 2024

No. 23-1063

BLAKE M. ADAMS,
APPELLANT

v.

COMMISSIONER OF INTERNAL REVENUE,
APPELLEE

———

On Appeal from the United States Tax Court

———

*Blake M. Adams*, pro se, was on the briefs for appellant.

*Michael J. Haungs*, Supervisory Attorney, U.S. Department of Justice, and *Andrew W. Amend*, Attorney, were on the brief for appellee. *Kathleen E. Lyon*, Attorney, entered an appearance.

Before: PILLARD and GARCIA, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

PILLARD, *Circuit Judge*: Section 7345 of the Internal Revenue Code requires the Secretary of the Treasury to notify the Secretary of State if an individual has an IRS-certified seriously delinquent tax debt. The State Department may then deny, revoke, or limit that individual's passport. Anyone whose tax debt has been certified as seriously delinquent has a right to challenge the certification in court. 26 U.S.C. § 7345(e).

Blake Adams filed no federal income tax return for tax years 2007 or 2009-2015. The Internal Revenue Service calculated that he owed more than $1.2 million in back taxes, interest, and penalties for those years. Because of the magnitude of Adams's unpaid and unchallenged tax debt, which the IRS was in the process of collecting, the agency certified his seriously delinquent tax debt to the State Department. After receiving notice that the certification was made and transmitted to the State Department, Adams sued the IRS in Tax Court under section 7345. He claimed that the IRS made procedural errors in assessing his underlying tax debt that rendered the certification erroneous. The Tax Court rejected that argument, explaining that Adams had forfeited the opportunities that the Tax Code affords to contest his underlying tax liability. Because the Tax Court correctly concluded that Adams's section 7345 challenge is foreclosed, we affirm.

## BACKGROUND

### A.

Once the IRS determines that a taxpayer has a tax deficiency, before it assesses the deficiency it is required to mail a notice of deficiency by certified or registered mail and wait until the individual's time to request a redetermination of the deficiency in Tax Court has lapsed. 26 U.S.C. §§ 6212(a),

6213(a). A taxpayer within the United States has 90 days to file a Tax Court petition seeking redetermination of the deficiency. *See id.* § 6213(a). After the IRS assesses the tax, it is again required to send the taxpayer notice by mail. *Id.* § 6303(a).

If the taxpayer has not contested the deficiency, the IRS moves on to the collection phase by sending him a notice of federal tax lien and informing him of his right to a collection due process hearing. *See id.* §§ 6320(a), 6321. In a collection due process hearing, the individual can "raise . . . challenges to the existence or amount of the underlying tax liability for any tax period if [he] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." *See id.* § 6320(c) (incorporating *id.* § 6330(c)(2)(B)). More broadly, a taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including "challenges to the appropriateness of collection actions." *See id.* § 6320(c) (incorporating *id.* § 6330(c)(2)(A)(ii)).

Congress enacted section 7345 in 2015 as a mechanism to offset spending under the Fixing America's Surface Transportation (FAST) Act by adding incentives for individuals with large, delinquent tax debts to pay them without further delay. *See generally* H.R. Rep. No. 114-357, at 530-32 (2015) (Conf. Rep.) (identifying offsets). Section 7345 defines a seriously delinquent tax debt as an "unpaid, legally enforceable Federal tax liability of an individual" that meets three requirements. 26 U.S.C. § 7345(b)(1). The first requirement is that the tax debt was "assessed." *Id.* § 7345(b)(1)(A). Second, the debt must be greater than $50,000—a threshold periodically adjusted for inflation. *Id.* §§ 7345(b)(1)(B), 7345(f). And, third, the IRS must have either (i) filed a notice of lien pursuant to 26 U.S.C. § 6323 and

waited for the individual's administrative rights under 26 U.S.C. § 6320 to be exhausted or lapse or (ii) made a levy on the individual's income or other property under 26 U.S.C. § 6331. *Id.* § 7345(b)(1)(C). (Liens and levies are part of the IRS' collection authority: A federal tax lien is the government's legal claim against an individual's property when they fail to pay a tax debt. *See id.* § 6321. A levy is the seizure of the individual's property to satisfy a tax debt. *See id.* § 6331(b)).

The statute recognizes two circumstances under which, even if the three criteria are met, a tax debt is not seriously delinquent: where the debt is being paid in a timely manner under an agreement with the IRS, or where collection of the debt is suspended because the individual has requested a collection due process hearing or is pursuing relief from joint liability. *Id.* § 7345(b)(2). The IRS Commissioner must notify the Secretary of the Treasury, who must in turn notify the Secretary of State, if the certification is erroneous; the debtor fully satisfies the tax debt; the debtor agrees to an installment agreement or offer-in-compromise; or the debtor qualifies for innocent spouse relief. *Id.* § 7345(c) (Reversal of Certification).

Once the IRS determines that an individual has a seriously delinquent tax debt, it notifies the Treasury Secretary, who "shall" in turn transmit the certification to the Secretary of State "for action with respect to denial, revocation, or limitation" of the individual's passport. *Id.* § 7345(a). That person may bring a civil action in district court or in Tax Court to challenge the seriously delinquent tax debt certification as erroneous or on the ground that the IRS Commissioner failed to reverse the certification when required. *Id.* § 7345(e)(1). If the court rules in the tax debtor's favor, it "may order the Secretary [of the

Treasury] to notify the Secretary of State that such certification was erroneous." *Id.* § 7345(e)(2).

**B.**

As noted above, Blake Adams failed to file federal income tax returns for 2007 and 2009-2015. Adams asserts that the IRS never mailed him deficiency notices for the relevant years. But Adams did not file the requisite petition in Tax Court within the allotted 90-day period to challenge the deficiencies, so the IRS proceeded to assess them. Adams claims that he never received notice of those assessments either.

The IRS then sought to collect. For tax years 2007 and 2009-2011, the IRS in August 2015 filed notices of lien and notified Adams of his right to a collection due process hearing. A year later, in August 2016, the IRS filed notices of lien and notified Adams of his collection due process rights for tax years 2012 and 2013. For the 2014 tax year, the IRS filed the notice of lien and notified Adams of his collection due process rights in August 2019, and for the 2015 tax year it did so in December 2019. Adams acknowledges that, after receiving those notices, he did not request any collection due process hearing. *See* Adams Br. 4.

The IRS also issued notices of intent to levy against Adams. For tax years 2007 and 2009-2011, it issued a notice of intent to levy in March 2016. For tax years 2012-2014, it did so in August 2019. For the 2015 tax year, it did so in December 2019. It is uncontested that those notices also informed Adams about his right to a collection due process hearing. He never requested one. The IRS proceeded to issue those levies between 2017 and 2020, recovering approximately $26,700. That left Adams with more than $1.1 million in outstanding liabilities.

On March 16, 2020, the IRS certified the seriously delinquent tax debt to the State Department. The record reflects that the IRS had previously certified that Adams owed a seriously delinquent tax debt for the 2007 and 2009-2013 tax years on July 30, 2018. *See* Tax Court Record 50, 53, 56, 59, 62, 65. It issued another certification covering the 2007 and 2009-2014 tax years on November 18, 2019. *See* Tax Court Record 50, 53, 56, 59, 62, 65, 68. Adams never challenged the two earlier certifications.

On December 3, 2020, Adams filed a petition in Tax Court challenging the 2020 certification of seriously delinquent tax debt under section 7345. Adams rested his petition on five grounds. He argued that: (1) the IRS never sent him "any documents by 1st class or certified mail explaining what these taxes are based on"; (2) the IRS never sent him "any letter, giving [him] due process & opportunity to challenge the tax for years '07, '09-'15"; (3) the $1.2 million figure he owes to the IRS is "completely baseless, arbitrary, [and] lacking any foundation of fact"; (4) the IRS "did not perform all the legally required procedures necessary to assess the tax which IRS claims [he] owes;" and (5) the certification was an "unconstitutional taking away" of his right to travel. Tax Court Pet. 1 (J.A. 5) (formatting altered).

The Tax Court granted summary judgment in the government's favor. *Adams v. Comm'r*, 160 T.C. 1, 18 (2023). To the extent that Adams was asserting that the IRS' calculation of his tax debt was incorrect, the court held that it lacked jurisdiction to review the tax liabilities underlying the certification. *Id.* at 10-13. The Tax Court concluded that, even if the IRS had failed to mail the required notices during its collection actions, the certification was not "erroneous" under section 7345. *Id.* at 13-15. The Tax Court held that it lacked jurisdiction to review the Secretary of State's discretionary

determination, on receipt of a seriously delinquent tax debt certification, to revoke, deny, or limit the taxpayer's passport. *Id.* at 16. The Tax Court concluded that it did not have jurisdiction to review Adams's constitutional right-to-travel claim. *Id.* at 17-18. Adams timely appealed.

The Tax Court initially transmitted the notice of appeal to the Court of Appeals for the Eleventh Circuit. The Tax Court later transmitted an amended notice to this court, which ultimately docketed the case. In short order, Adams moved to transfer venue to the Eleventh Circuit. We deferred decision on that motion to consider it with the merits of Adams's petition. We review the Tax Court's legal rulings *de novo*. *Byers v. Comm'r*, 740 F.3d 668, 674-75 (D.C. Cir. 2014). Because Adams does not raise the constitutional claim on appeal, we do not consider it.

## DISCUSSION

This court is the correct venue for Adams's section 7345 challenge. Adams's arguments fail on the merits: The Tax Court correctly held that every element of section 7345(b)(1), defining seriously delinquent tax debt, was satisfied. Adams's belated effort to use a section 7345 passport action to challenge his underlying tax liability is foreclosed because Adams forewent opportunities to timely challenge that liability in collection due process hearings.

### A.

Before proceeding to the merits, we conclude that venue is proper here and not, as Adams contends, in the Eleventh Circuit. The D.C. Circuit is the default venue for appeals of Tax Court decisions. *See* 26 U.S.C. § 7482(b)(1); *Byers*, 740 F.3d at 672. Section 7482 lists seven circumstances in which venue may lie elsewhere, 26 U.S.C. §§ 7482(b)(1)(A)-(G), but

review of a Tax Court decision on a challenge to certification of a seriously delinquent tax debt is not one of them, *see id.*

Adams, a Florida resident, argues that venue lies in the Eleventh Circuit because appeals of cases in which an individual is "seeking redetermination of tax liability" are reviewable in the circuit where the individual lives. *See id.* § 7482(b)(1)(A). But Adams's reliance on that provision is misplaced. Adams petitioned the Tax Court for recission of the seriously delinquent tax debt certification. The only relief available if such a petition succeeds is an order holding that the certification is erroneous, pursuant to which the Secretary of the Treasury would have to inform the Secretary of State of the error. Although Adams's petition asserts that his underlying tax liability was imposed in error, he did not petition for "redetermination" of tax liability nor, in this posture, could he. We cannot construe his petition as "seeking" legal relief that is unavailable in this action. That means section 7482(b)(1)(A), providing for venue of a redetermination appeal where the taxpayer lives, is inapplicable here.

Adams's motion to transfer venue is therefore denied.

**B.**

Adams's merits arguments are also unsuccessful. The text of section 7345, read in context with other provisions of the Internal Revenue Code, resolves this appeal. The seriously delinquent tax debt certification was correct.

Section 7345(e) provides for injunctive relief from an erroneous seriously delinquent tax debt certification or one that the IRS should have but failed to reverse. *See* 26 U.S.C. § 7345(e)(1). Adams's only argument for relief is that the certification itself is erroneous; he does not contend that any of the other grounds for reversal apply. *See id.* § 7345(c). Section

7345 does not further define when a certification may be "found to be erroneous," but is most naturally read to apply when any of the elements defining "seriously delinquent tax debt" is not satisfied or when one of the two statutory exceptions set out in section 7345(b)(2) applies.

Here, the Tax Court determined that each of the definitional elements of a seriously delinquent tax debt was satisfied. Adams's tax liability "has been assessed" in an amount "greater than" the adjusted minimum threshold amount of $53,000, and a "notice of lien has been filed," as to which Adams's "administrative rights under section 6320" have lapsed. *Adams*, 160 T.C. at 4, 8. Adams has not claimed that either of the statutory exceptions applies—*i.e.*, he does not assert that he is paying his tax debt under an agreement with the IRS, or that collection was suspended pending a collection due process hearing or a petition for relief from joint liability.

Adams's primary contention on appeal is that section 7345(b)(1)(A) requires not just that the IRS have "assessed" the tax, but that it did so "properly." Adams Mot. Summ. J. 5 (J.A. 15). Specifically, Adams contends that the IRS failed to serve him notice of each deficiency and assessment in the statutorily prescribed manner. In his view, that means the assessments were illegal and so cannot support the certification of a seriously delinquent tax debt.

The Internal Revenue Code forecloses this argument. Under the Code, assessment means "recording the liability of the taxpayer in the office of the Secretary [of the Treasury] in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. As the Supreme Court has explained, "the assessment is the official recording of liability that triggers levy and collection efforts." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004). The assessment itself is "essentially a

bookkeeping notation." *Id.* at 100 (quoting *Laing v. United States*, 423 U.S. 161, 170 n.13 (1976) (internal quotations omitted)). As the Tax Court noted, there is no dispute that the IRS recorded the liabilities at issue here. *Adams*, 160 T.C. at 13.

To be sure, the Code also provides that "no assessment of a deficiency . . . shall be made, begun, or prosecuted" until the IRS has mailed the taxpayer a notice of deficiency and the 90-day period to file a Tax Court petition for redetermination of the deficiency has run. *See* 26 U.S.C. § 6213(a). And "it is the assessment, and only the assessment, that sets in motion the collection powers of the IRS, powers that include the seizure of assets, the freezing of bank accounts and the creation of liens, all without judicial process." *Farhy v. Comm'r*, 100 F.4th 223, 226 (D.C. Cir. 2024) (quoting *Phila. & Reading Corp. v. United States*, 944 F.2d 1063, 1064 n.1 (3d Cir. 1991) (formatting altered)).

But Adams did not timely use the opportunities the Tax Code made available to him to challenge any lack of notice of deficiencies. A tax debt is "seriously delinquent" only once the IRS has also filed a notice of lien and "the administrative rights under section 6320 with respect to such filing have been exhausted or have lapsed" or "a levy is made pursuant to section 6331." 26 U.S.C. § 7345(b)(1)(C). Section 6331 requires that the IRS give an individual written notice at least 30 days before any levy and include language notifying the taxpayer of "the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals." *Id.* §§ 6331(d)(2), (d)(4). Adams acknowledges that he received notice of the filing of tax liens for the years in question. The record shows that he also received notices of intent to levy for those years. The notices of lien and intent to levy informed Adams of his right to

collection due process hearings at which he could have objected to the missing deficiency and assessment notices and contested his underlying tax liabilities. He forfeited those opportunities.

In his briefs on appeal, Adams seeks additional footing for his claim: He argues for the first time that, because the IRS cannot enforce a procedurally defective assessment, the assessments fall short of section 7345(b)(1)'s requirement that a "seriously delinquent tax debt" be "legally enforceable." Adams Br. 10; Reply Br. 3. Because Adams did not make that argument in the Tax Court, which accordingly did not address the meaning of "legally enforceable" in this context, we do not address it here.

We hold that, because each of the definitional elements set forth in section 7345(b)(1) was satisfied, the certification of Adams's seriously delinquent tax debt was not "erroneous" within the meaning of section 7345(c).

To recap, the Treasury Secretary may only transmit a delinquency certification to the State Department after an individual has had the opportunity to exercise administrative rights to challenge an IRS lien or levy. It is uncontested that the IRS served Adams with notice of its collection actions and his administrative rights over multiple years. Adams took no action to timely contest the tax liens or underlying deficiency determinations. Only much later, after his passport was in jeopardy, did he attempt to dispute the IRS collection and enforcement actions. Section 7345 plainly forecloses such an eleventh-hour collateral attack on a person's underlying tax liabilities.

For the foregoing reasons, we affirm the judgment of the Tax Court.

*So ordered.*